proceeding is brought pursuant to article 13 of the Tax Law to review the annual assessment of petitioner's property located at 341 Seneca Street in the city of Buffalo, for the years 1951–55 inclusive. Petitioner alleges that the assessments were erroneous by reason of over-valuation and inequality. Pursuant to section 292-a of the Tax Law, petitioner served written demand upon appellant to admit certain ratios which was refused. At the trial petitioner was successful in establishing only two out of the five ratios requested. It is provided by that section under subdivision 2 that " if the petitioner thereafter proves that the ratio which the assessed value of the real property in the tax district bears to its full value is not in excess of the ratio or percentage specified in his demand as aforesaid, he may apply to the court  *  *  *  for an order requiring the respondent to pay him the reasonable expenses incurred in making such proof including the reasonable fees of experts and attorneys." Pursuant to that section, petitioner was entitled to the reasonable expenses and attorney's fees incurred in making such proof with respect to the years 1954 and 1955 where the ratio was not in excess of that demanded. The record indicates that the allowance made by the Official Referee was not predicated upon the expenses and attorney's fees incurred in making proof with respect to those two years. The matter should be remitted to the Special Term to determine upon proof the allowance to be made in accordance with the statutory mandate. (See *Matter of Taylor* v. *Vion,* 285 App. Div. 1152.) All concur. (Appeal from an order of Erie Supreme Court in proceedings to review assessments on property in the city of Buffalo.) Present — McCurn, P. J., Vaughan, Williams, Bastow and Goldman, JJ.

■ EASTERN ROCK PRODUCTS, INC., Respondent, v. STANDARD FIRE INSURANCE COMPANY, Appellant.— Judgment reversed on the law and facts and a new trial granted, with costs to the appellant to abide the event. Memorandum: The essential question presented is whether the collapse of plaintiff's platform scales which occurred when a truck was driven upon them is within the coverage of an insurance policy insuring against " loss resulting from actual physical contact of  *  *  *  a vehicle ". The record is barren of any evidence as to what caused the scales to collapse. It discloses only that the scales collapsed when the truck was driven upon the platform. The scales were customarily used to weigh loaded trucks. Whether they collapsed because of obsolescence or from natural wear and tear over a period of time, or from some other happening or circumstances does not appear. In determining whether the proximate cause of the damage was some hazard insured against under the policy we may not speculate as to what such proximate cause actually was. The judgment appealed from should, therefore, be reversed and a new trial ordered to permit a further development of the facts. All concur. (Appeal from a judgment of Oneida Trial Term for plaintiff in an action under an extended coverage rider on a fire insurance policy.) Present — McCurn, P. J., Vaughan, Kimball, Williams and Goldman, JJ.

■ MARY S. HANNA, Respondent, v. MELVILLE A. HARE, Appellant.— Judgment and order affirmed, with costs. All concur. (Appeal from a judgment of Livingston Trial Term for plaintiff in an automobile negligence action. The order denied a motion for a new trial.) Present — McCurn, P. J., Vaughan, Kimball, Williams and Bastow, JJ.

■ GORDON N. HANNA, Respondent, v. MELVILLE A. HARE, Appellant.— Judgment and order affirmed, with costs. All concur. (Appeal from a judgment of Livingston Trial Term for plaintiff in an automobile negligence action. The order denied a motion for a new trial.) Present — McCurn, P. J., Vaughan, Kimball, Williams and Bastow, JJ.